UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No.: 15-304 |
| WALTER JOHNSON | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Under 28 USC § 2255* **(Rec. Doc. 188)** and an Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 USC § 2255 (Rec. Doc. 192), filed by Defendant Walter Johnson ("Johnson").[1] Also, before the Court is an opposition (Rec. Doc. 193) filed by the Government.

## FACTS AND PROCEDURAL BACKGROUND

On July 11, 2017, the Government filed a Superseding Bill of Information charging Johnson in Count 1 with bank robbery with a firearm, in violation of Title 18, U.S.C. §§ 2113(a) and (d) and 2, and in Count 2 with use, carry, and possession of a firearm during a crime of violence, in violation of Title 18, U.S.C. §§ 924(c)(1)(A)(i) and 2. (Rec. Doc. 101). On July 20, 2017, Johnson plead guilty to both Counts in the superseding bill. (Rec. Doc. 104).

---

[1] Johnson's Amended Motion merely rearticulates the grounds for relief set forth in his initial motion and clarifies that "[a]ll I'm seeking that 'Count 2' (924c) of the indictment/sentence be taken off or ran concurrent with Count 1. Or drop the 924c to a 922 that it can be ran concurrent." (Rec. Doc. 192 at 4). As there is no substantive difference in the two filings, the Court will treat them as one for purposes of this Order.

On November 16, 2017, the Court sentenced Johnson to 57 months as to Count 1 and 60 months as to Count 2, to be served consecutively for a total of 117 months imprisonment. (Rec. Doc. 120 at 15). On December 6, 2019, Johnson filed his Section 2255 habeas petition attacking his sentence on four grounds: (1) he did not possess a weapon during the bank robbery; (2) he should have been charged with embezzlement because one of the cashiers at the bank was in on the robbery; (3) a state deputy involved in the case, Cary Cannon, did not have a proper "Oath of Office,"; and (4) the involvement of Mr. Cannon "tainted" the case. (Rec. Doc. 188). The Government contends that Johnson's claims are "untimely, procedurally barred, meritless, or otherwise inappropriate for collateral review." (Rec. Doc. 193 at 2).

## LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."

*United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Regarding timeliness, all 2255 petitions be filed within one year of:

    (1)  the date on which the judgment of conviction becomes final;

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making

a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on

collateral review; or

(4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## **DISCUSSION**

### I.   **Timeliness of Johnson's Motion**

"A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires." *United States v. Morgan*, 845 F.3d 664, 666, n. 1 (5th. Cir. 2017) (citations omitted). Thus, if no appeal is taken, a judgment of conviction becomes final fourteen days after judgment is entered by the district court. *Id.* Here, the Court entered Johnson's judgment on November 16, 2017 and Johnson did not file an appeal. (Rec. Doc. 131). Hence, Johnson's judgment of conviction became final fourteen days after November 16, 2017, which was November 30, 2017. This means that Johnson was required to file his 2255 petition by November 30, 2018. Johnson did not file his motion to vacate

until November 11, 2019, making it untimely by almost a full year. (Rec. Doc. 188 at 4).[2]

No other section of 28 U.S.C. § 2255(f) applies to the timeliness of Johnson's petition. The petition does not reference a relevant retroactive change in law nor is there any evidence or implication that Johnson lacked the information presented in his petition at the time of his sentencing. The only justification Johnson offers for his late filing is his transfer to state custody after his federal sentencing. (Rec. Doc. 188 at 4). Mere transfer to a state facility, however, is not a recognized "government impediment" under 2255(f)(2) such that the removal of the impediment, and not the date of final judgment, would be the starting date for the one-year statute of limitations. Common types of impediments recognized by courts include unlawful and unreasonable restrictions on access to legal libraries, legal assistance, or legal materials. *See United States v. Saenz-Lopez*, 361 F. App'x 593, 595 (5th. Cir. 2010); *Salazar-Rodriguez v. United States*, No. 13-172, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015). Johnson does not offer, nor does the Court's independent research reveal, any support for the notion that transfer to a state facility constitutes, on its own, a cognizable government created impediment to filing a habeas petition.

Finally, although equitable tolling can apply to the one-year statute of limitations period, it does so only in "extraordinary circumstances." *United States v.*

---

[2] The date of November 11, 2019 is the most generous to Johnson as it is based on his declaration under penalty of perjury that his motion was placed in the prison mailing system on that date. The stamp on the envelope the motion was mailed in is dated December 2, 2019 and the Court received the motion for filing on December 6, 2019.

*Jackson*, 470 F. App'x 324, 330 (5th. Cir. 2012). Johnson has alleged no circumstances relevant to the timeliness of his filing that would qualify as "extraordinary."

As the Court finds that Johnson's petition is barred by the relevant statute of limitations, there is no need to address the underlying merits of his petition.[3] Furthermore, as Johnson has failed to make a substantial showing of the denial of a constitutional right for the reasons set forth above, a certificate of appealability shall not be issued in this case. 28 U.S.C. § 2253.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walter Johnson's *Motion to Vacate, Set Aside, or Correct Sentence Under 28 USC § 2255* **(Rec. Doc. 188)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall NOT be issued.

New Orleans, Louisiana, this 11th day of March, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3] Although the Court does not find it necessary to discuss at length the remaining deficiencies in Johnson's petition, the Court agrees with the Government's position that the petition is procedurally barred and meritless. (Rec. Doc. 193).